UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

OLAMIDE MAYOWA OGUNFILE,
Petitioner,

v. Civil Action No. 4:26-cv-634-RGJ

SAMUEL OLSON, et al.,
Respondents.

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Petition for Writ of Habeas Corpus [DE 1] filed by Petitioner Olamide Mayowa Ogunfile ("Ogunfile"). The United States as counsel for the Federal Respondents ("Respondents")[1] responded [DE 7], and Ogunfile replied [DE 11]. This matter is ripe. For the reasons below, Ogunfile's Petition for Writ of Habeas Corpus [DE 1] is **DENIED**.

**I. BACKGROUND**

Ogunfile is a native and citizen of Nigeria. [DE 1-2 at 16]. He entered the United States on a B-2 Visa on or about September 1, 2022, with permission to remain until February 28, 2023. [*Id.*]. Ogunfile remained in the United States after his B-2 visa expired. [*Id.*].

On or about April 5, 2026, Ogunfile was arrested by the Zionsville (Indiana) Police Department on a domestic violence charge. [DE 7-1 at 54, DE 7-5 at 65]. On April 8, 2026, he was turned over to U.S. Immigration and Customs Enforcement ("ICE") pursuant to a detainer, served with a Warrant for Arrest of Alien, and taken into ICE custody. [DE 7-1 at 54; DE 7-4 at 64]. Ogunfile was also served with a Notice to Appear ("NTA"), charging him as admitted to United

[1] 28 U.S.C. § 517 allows the Office of the United States Attorney to make appearances in court to attend to the United States' interests. Respondents submitted responses in this case to attend "the United States' interests to the extent that the petition also names a county jailer as a respondent." [DE 7 at 46 n.1].

States and removeable under 8 U.S.C. § 1227(a)(1)(B). [DE 7-2 at 57]. The NTA ordered Ogunfile to appear before a United States Department of Justice ("DOJ") immigration judge on June 25, 2026. [*Id.*].[2] While in custody, he requested a custody redetermination hearing before an immigration judge. [DE 7-5 at 65–66]. The parties do not dispute that Ogunfile had a bond hearing. [*Id.*; DE 1-1 at 10]. On August 4, 2026, the immigration judge denied his bond request, concluding that he was a danger, and alternatively, a flight risk. [DE 7-5 at 65–66]. As of the date Ogunfile filed the subject petition, he has not appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). [DE 1 at 7]. He is currently detained at the Hopkins County Jail in Madisonville, Kentucky, and filed this Petition on September 28, 2026, requesting "his release if his detention is found unlawful" and "any other relief the Court deems just and appropriate." [*Id.*].[3]

**II. DISCUSSION**

Ogunfile challenges the statutory and constitutional bases of his continued detention, arguing that it violates the Fifth Amendment's Due Process Clause considering his individual circumstances. [DE 1-1 at 10]. He asserts that he has not been provided with the written reasons for the denial of release or the statutory basis for his detention. [*Id.* at 11]. He seeks habeas review of the legality of his present confinement, while expressly disclaiming: any challenge to his immigration charges, reconsideration of the immigration judge's bond decision, or a request for a new bond hearing. [*Id.* at 10].

Respondents assert that the Court should deny Ogunfile's Petition because he is properly

---

[2] The record does not reflect the outcome of this hearing, or what effect, if any, it has on the issues presented here. [DE 7-2 at 57].

[3] At the time of Respondents' response, Ogunfile was scheduled to appear before the immigration court on October 16, 2026. [DE 7-6 at 68]. The record does not reflect whether that hearing occurred, its outcome, or what effect—if any—it has on the issues presented here.

detained under § 1226(a) and has not suffered any deprivation of due process. [DE 7 at 49–51].[4]

**A. Section 1226(a) Authorizes Ogunfile's Detention**

Section 1226 governs the "apprehension and detention of aliens" and authorizes "the Government to detain certain aliens already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Specifically, § 1226(a) provides that an alien may be "arrested and detained" on a "warrant issued by the Attorney General," "pending a decision on whether the alien is to be removed from the United States." Under this discretionary framework, the Attorney General "may continue to detain the arrested alien," "may release the alien" on bond of at least $1,500 or "may release the alien" on parole. *Id.* The implementing regulations provide that "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 236.1(b)(1). In sum, the statute and its implementing regulations provide a framework for arrest and detention pursuant to administrative warrant while removal proceedings remain pending. The arresting immigration officer makes the initial custody determination, which the noncitizen may seek to have reviewed in a bond hearing before an immigration judge. 8 C.F.R. §§ 1236.1(c)(8), (d)(1).

As an initial matter, Ogunfile's detention papers and arrest warrant both state that he was detained and arrested pursuant to Section 1226 as they were provided via Form I-200. [DE 7-4 at 64].[5] Notably, Arrest Warrants, Form I-200s, are only found within Section 1226 and its

[4] Respondents' due process discusses addressed detention under § 1225(b)(1), although the record and its own briefing otherwise indicates that Ogunfile is detained under § 1226. This discussion appears to have been included in error, as it concerns a statutory basis for detention inapplicable here. The Court therefore disregards it.

[5] Although Ogunfile broadly challenges the statutory basis for his detention, he does not specifically contend that 8 U.S.C. § 1226 is inapplicable or explain why that provision would not authorize his

implementing regulations, 8 C.F.R. § 236. Ogunfile's NTA likewise identifies him as "admitted to the United States," rather than an "arriving alien." [DE 7-2 at 57]. These documents are consistent with the statutory framework: Ogunfile was arrested and detained by ICE, was admitted to the United States prior, and is awaiting the outcome of removal proceedings. [*Id.*; DE 7-4 at 64]. Accordingly, § 1226(a) supplies the statutory basis for his detention as Respondents suggest. *Roman v. Olson*, No. CV 25-169-DLB-CJS, 2025 WL 3268403, at *4 (E.D. Ky. Nov. 24, 2025) ("§ 1226(a) applies to aliens already present in the United States."). And, both parties agree that Ogunfile received a bond hearing pursuant to Section 1226(a). [DE 1-1 at 10; DE 7-5 at 65–66].

**B. Section 1226(e) Prevents Reconsideration of IJ's Discretionary Findings**

Though Respondents do not raise the issue, jurisdiction poses a threshold question. *See Florida v. Thomas*, 532 U.S. 774, 777 (2001) ("[W]e must first consider whether we have jurisdiction to decide this case."). And "'[f]ederal courts,' it bears repeating, 'are courts of limited jurisdiction.'" *In re: 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Accordingly, "[w]ithin constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007). Therefore, as an initial matter, this Court must determine whether it has jurisdiction to consider Ogunfile's claims.

Section 1226(e) prohibits judicial review of any "discretionary judgment" regarding the application of Section 1226. Section 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

---

detention. [DE 1-1 at 10–11]. Construing his *pro se* filings liberally, the Court nevertheless understands him to challenge whether his continued detention is authorized by the governing statute.

8 U.S.C. § 1226(e). Accordingly, district courts lack jurisdiction to review discretionary bond decisions made by an IJ. *See Nielsen v. Preap*, 586 U.S. 392, 401 (2019). Notwithstanding the above, parties like Ogunfile may bring a constitutional challenge to a hearing by an IJ. *Demore v. Kim*, 538 U.S. 510, 523 (2003). That is, Section 1226(e) does not "block lawsuits over the extent of the Government's detention authority under the 'statutory framework' as a whole." *Guiracocha v. Noem*, 2026 WL 622860, at *3 (E.D. Ky. Mar. 5, 2026) (citing *Nielsen,* 586 U.S. at 401) (in turn quoting *Jennings v. Rodriguez*, 583 U.S. 295-96 (2018)) (citations modified). Essentially, when a petitioner challenges a discretionary decision taken by an IJ, versus a challenge against to the "statutory framework as a whole," Section 1226(e) bars review. *Id.*

"Thus, the Court must determine whether [Ogunfile] challenges the statutory or constitutional validity of his continued detention." *Alabdulaziz v. Tindall*, 2026 WL 973278, *4 (W.D. Ky. Apr. 10, 2026). Or, if he is challenging a "discretionary" action by the IJ, which the Court cannot review. *Guiracocha*, 2026 WL 622860, at *3 (citing *Nielsen*, 586 U.S. at 401). Here, Ogunfile characterizes his challenge as concerning the statutory and constitutional bases for his continued detention and expressly disclaims asking this Court to reweigh the IJ's discretionary denial of release. [DE 1-1 at 10–11]. The Court has addressed the statutory basis for his detention above. To the extent Ogunfile nevertheless contends that his individual circumstances warrant release, his challenge concerns the IJ's assessment of the evidence supporting continued detention. Neither party has presented the transcript of the custody redetermination hearing, but only the IJ's Order and written findings. [DE 7-5]. And based on the Order, the IJ assessed the evidence and came to a reasoned conclusion finding that based upon the evidence presented before the court, Ogunfile posed as a danger, or in the alternative, a flight risk. [DE 7-5 at 65–66]. Thus, Ogunfile is not arguing that the "IJ wholly failed to consider the evidence" but instead, he "argues that the

IJ erred in weighing the evidence." *Guiracocha*, 2026 WL 622860, at *4. In other words, the Petition raises factual arguments about the IJ's decision and decision-making process in effect when it "seeks review of whether the legal process governing his present detention adequately accounts for his documented individual circumstances." [DE 1 at 6]. Such challenges to the IJ's discretionary assessment fall within the jurisdictional bar of Section 1226(e), and outside the bounds of this Court's jurisdiction. The proper remedy for this type of dispute is for Ogunfile to appeal the IJ's decision to the BIA.

Further, the IJ's written decision explained the reasoning for denying bond. [DE 7-5 at 65–66]. The decision reflects how the IJ considered the evidence from both parties and came to their own reasoned conclusion. The IJ stated:

> Respondent was charged with a domestic violence offense in April 2026 against his wife. Respondent's conviction "is recent" and involved Respondent engaging in "violent behavior against" another person. Matter of C-M-M-, 29 I&N Dec. 141, 142 (BIA 2025).
>
> Respondent's recent offense is a "better indication of [Respondent's] future conduct than [Respondent's] assurances to the contra1y." Matter of Siniauskas, 27 I&N Dec. 207, 209 (BIA 2018). In other words, the recency of Respondent's criminal conduct is indicative of future dangerousness. Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006); Matter ofRobe1ts, 20 I&N Dec. 294,303 (BIA 1991) (noting that an alien's "assurances" alone are not sufficient to "show genuine rehabilitation").
>
> Respondent also has a 2025 arrest for Knowingly or Intentionally Operating Motor Vehicle w/o Ever Receiving a License.
>
> Alternatively, the Respondent is a flight risk. Court records from his 2025 criminal case indicate that the Respondent failed to appear to court in November 2025. Exh. 2 at 34.
>
> Respondent's "length of residence in this country is sho1t," which weighs against release. Matter of Akhmedov, 29 I&N Dec. 166, 167 (BIA 2025); Matter of E-Y-F-G-, 29 I&N Dec. 103, 104 (BIA 2025); Matter of R-A-V-P-, 27 I&N Dec. 803, 805 (BIA 2020) (noting that an alien's recent arrival to the United States is relevant in assessing flight risk).

> Respondent's "eligibility for relief is speculative." Matter of C-M-M-, 29 I&N Dec. 141, 143–44 (BIA 2025); Matter of E-Y-F-G-, 29 I&N Dec. 103, 104–05 (BIA 2025) (finding an alien a flight risk despite relief being granted); Matter of R-A-V-P-, 27 I&N Dec. 803, 806 (BIA 2020) ("Even for aliens who are found to have a credible fear, a grant of asylum is uncertain, in part because the legal standard for establishing eligibility for asylum is higher than that for a credible fear."); see also Matter of Andrade, 19 I&N Dec. 488, 490 (BIA 1987) ("A[n alien] with a greater likelihood of being granted relief from deportation has a greater motivation to appear for a deportation hearing than one who, based on a criminal record or otherwise, has less potential of being granted such relief.").
>
> The Court concludes that "no monetary bond, even if coupled with alternatives to detention, would be sufficient" to ensure Respondent's appearance at future immigration hearings and, if necessary, surrender for removal from this country. Matter of Akhmedov, 29 I&N Dec. 166, 168 (BIA 2025).

[*Id.*]. Even if Ogunfile is not satisfied with the extent to which the decision "adequately accounts for his documented individual circumstances," [DE 1 at 6], and if "the IJ could have explained this reasoning more clearly" that is not a constitutional nor statutory violation. *Ordonez v. Field Off. Dir.*, 2026 WL 927173, at *5 (E.D. Ky. Apr. 6, 2026).[6]

Accordingly, the "IJ's bond determination provided precisely the process he is due under the Fifth Amendment." *Id.* "Petitioner attempts to attack the IJ's individual determination that

---

[6] Ogunfile also asserts that he was not provided with the IJ's written decision denying release. [DE 1-1 at 11]. The certificate of service does not clearly establish when or how Ogunfile received the written decision, and its subsequent inclusion with Respondents' response does not establish that he received it in time to pursue administrative relief. [DE 7-5 at 67]. Nevertheless, Ogunfile acknowledges the denial of bond and states that he did not appeal. [*Id.*; DE 1 at 7]. Although those statements demonstrate awareness of the ruling rather than necessarily receipt of its written explanation, Ogunfile does not contend that nonreceipt prevented him from appealing to the BIA or otherwise impaired his ability to challenge his detention. [DE 1 at 7]. The Court therefore does not understand his assertion as raising a separate claim that he was denied a meaningful opportunity to appeal. Nor does he identify any other prejudice resulting from the alleged nonreceipt. *Cf. Gishta v. Gonzales*, 404 F.3d 972, 979 (6th Cir. 2005) ("A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings; we will not simply presume prejudice." (quoting *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir.2000))). Moreover, the written decision confirms that the IJ made an individualized determination concerning Ogunfile's dangerousness and flight risk, and Respondents supplied that explanation in these proceedings. [DE 7-5]. To the extent Ogunfile disputes the factual; finding explained in that decision, their reconsideration is barred by § 1226(e). On this record, his assertion of nonreceipt, unaccompanied by an allegation that it impaired administrative review or otherwise caused prejudice, does not establish an independent basis for habeas relief.

Petitioner presented a danger to persons or property, or was a flight risk, and was thus not entitled to bond" are not reviewable by this Court pursuant to Section 1226(e). *Aladbualziz*, 2026 WL 973278, at *4.

Ogunfile has been provided with the due process he is owed pursuant to Section 1226(a). And as Congress intended, Ogunfile may appeal the IJ's decision to the BIA if he wishes to do. [[DE 1 at 7]; 8 C.F.R. §§ 1003.19, 1236.1(d)(3). But any discretionary challenge to the IJ's findings by this Court is barred by Section 1226(e). *See Nielsen*, 586 U.S. at 401 (noting that § 1226(e) bars review of discretionary applications of § 1226); *Hernandez-Gabriel v. Tate*, 2026 WL 161192, at *4 (S.D. Tx. Jan. 20, 2026) (holding that a district court lacked jurisdiction to consider a petitioner's challenge to the correctness of an IJ's determination that the petitioner posed a flight risk); *Perez Sierra v. Bondi*, 2026 WL 497070, at *3 (D.N.J. Feb. 23, 2026) ("This Court lacks jurisdiction to review any discretionary determinations underlying an immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order."); *cf. Soto-Medina v. Lynch*, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (holding that § 1226(e) did not bar consideration of a petitioner's challenge that the discretionary process of § 1226(a) itself is unconstitutional).

## III. CONCLUSION

Ogunfile "does not claim that his bond hearing lacked necessary procedural safeguards or that the IJ did not have statutory authority to deny bond." *Guiracocha*, 2026 WL 622860, at *4. Rather, he functionally argues that the IJ came to the wrong conclusion after reviewing the testimony, exhibits, and other evidence, based on his "documented individual circumstances." [DE 1 at 6]. The Supreme Court has consistently held that Section 1226(e) bars this Court of such

review of those decisions. *See Nielsen*, 586 U.S. at 401; *Jennings*, 583 U.S. at 295; *Demore*, 538 U.S. at 516.

For the reasons stated above, the Court **DENIES** Ogunfile's Petition for Writ of Habeas Corpus [DE 1] and **ORDERS** the following:

(1) The Court will direct the Clerk of Court to substitute Frank Padula for Samuel Olson as Respondent and to update the docket accordingly.

Rebecca Grady Jennings, District Judge
United States District Court

Date: November 18, 2026

Cc: Counsel of record